**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AUGUSTO MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-70297 <br><br> Agency No. A070-064-239 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Augusto Martinez, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion to reopen removal

proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in dismissing Martinez's appeal of the IJ's denial of his motion to reopen as untimely where it was filed over 90 days after the agency's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and Martinez failed to establish changed circumstances in Guatemala to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (evidence submitted with motion to reopen must be qualitatively different from the evidence presented at the original hearing).

Further, to the extent the BIA construed Martinez's appeal as a new motion to reopen the IJ's decision based on evidence not presented to the IJ, the BIA did not abuse its discretion in denying the motion because Martinez's new documents failed to establish material evidence of changed circumstances in Guatemala. *See Najmabadi*, 597 F.3d at 990 (holding that evidence presented with motion to reopen was not material because it merely recounted generalized conditions that failed to demonstrate petitioner's situation was appreciably different from the dangers faced by her fellow citizens).

The BIA also did not abuse its discretion in denying Martinez's motion to reopen where he failed to comply with the threshold requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the alleged ineffective assistance was not "plain on the face of the administrative record." *See Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**